AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

UNITED STATES OF AMERICA

**V.**

Frederick J. Daniels

*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case  CR06- 54 - SLR.

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed       that is
    ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    ☐ an offense for which the maximum sentence is life imprisonment or death.
    ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____
                     _____.*
    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

X (1) There is probable cause to believe that the defendant has committed an offense
    X  for which a maximum term of imprisonment of ten years or more is prescribed in   21 USC § 841
    ☐  under 18 U.S.C. § 924(c).

X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.
(2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED

JUN 6 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by       X  clear and convincing evidence  X  a preponderance of the evidence: Defendant is charged with the crimes of a felon in possession of a firearm and possession with intent to distribute. When the state investigators executed a search warrant of defendant's residence, both a firearm and cocaine were found, along with $7,000 in cash and marijuana. Defendant admitted that the weapon and coke were his. Although pretrial services in its repot suggests that defendant is not a flight risk, it does suggest that defendant is a danger to the community. The court agrees on the following bases:

1. Although defendant has a stable address, he has been unemployed for "several years."

2. He admitted to smoking MJ on the day of his arrest and using cocaine a few days before his arrest. He admits to using both substances on a regular basis. This usage has continued after completing drug counseling and a boot camp program as part of his state probation. He now claims that these present charges are a wake up call.

3. His criminal history is significant in the following respects- convictions in 1996 (2) and 2004 and 2006 for drug related offenses including possession with intent to deliver. He has also fled or attempted to flee from police officers twice in 2004, when he was pulled over by police and against in June 2004 which resulted in a high speed chase. In 2006 he again attempted to flee from arresting officers in his vehicle which resulted in de0 fendant running over an officer's foot. Contrary to pretrial services opinion, it does appear that defendant has a serious problem with cooperating with arresting officers and is willing to run. His lengthy criminal history is very significant.

Therefore, there are no conditions or combination thereof that will reasonably assure defendant's appearance as required and the safety of the community.

AO 472 (Rev. 3/86) Order of Detention Pending Trial

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| June 5, 2006 | |
|---|---|
| Date | Signature of Judicial Officer |
| | Mary Pat Thynge, Magistrate Judge |
| | *Name and Title of Judicial Officer* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).