

U.S. Department of Justice

United States Attorney's Office
District of Delaware

---

Nemours Building  (302) 573-6277
1007 Orange Street, Suite 700  FAX (302) 573-6220
P.O. Box 2046
Wilmington, Delaware 19899-2046

August 9, 2006

**VIA ELECTRONIC FILING**

The Honorable Sue L. Robinson
United States District Judge
District of Delaware
U.S. Courthouse
844 King Street
Wilmington, DE 19801

    Re:    **United States v. Frederick Daniels**
            **Criminal Action No. 06-54-SLR**

Dear Judge Robinson:

    The defendant has agreed to change his plea pursuant to the enclosed, unexecuted, Memorandum of Plea Agreement. A Change of Plea Hearing has been scheduled in this matter for August 30, 2006 at 4:30 p.m. An original, executed Memorandum will be submitted at the Change of Plea Hearing.

                                  Respectfully submitted,

                                  COLM F. CONNOLLY
                                  United States Attorney

                BY:          /s/
                                Christopher J. Burke
                                Assistant United States Attorney

Enclosure

cc:    John S. Malik, Esquire
        The Clerk of the Court

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Criminal Action No. 06-54-SLR |
| | ) |
| FREDERICK DANIELS, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Christopher J. Burke, Assistant United States Attorney for the District of Delaware, with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Frederick Daniels, by and through his attorney, John S. Malik, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges him with being a prohibited person in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), and Count Two of the Indictment, which charges him with possession with the intent to distribute a substance containing a detectible amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C). Count One carries a maximum sentence of a term of imprisonment of 10 years, a $250,000 fine, or both, three years supervised release, and a $100 special assessment. Count Two carries a maximum sentence of a term of imprisonment of 20 years, a $1,000,000 fine, or both, three years supervised release, and a $100 special assessment.

2. The defendant understands that if there were a trial, the Government would have to

prove the following elements with respect to Count One of the Indictment: (1) that the defendant knowingly possessed a firearm; (2) at the time of the defendant's possession of the firearm, he had previously been convicted of a crime punishable by more than one year's imprisonment; and (3) that the firearm affected interstate commerce, that is, that it had previously crossed state lines. The defendant also understands that the Government would have to prove the following elements with respect to Count Two of the Indictment: (1) the defendant knowingly or intentionally (2) possessed (3) with the intent to distribute (4) a substance containing a detectible amount of cocaine.

3. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, a two-point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility is appropriate, and the Government will move for an additional one-point reduction, pursuant to Sentencing Guideline Section 3E1.1.

4. The defendant agrees to abandon any right, title and interest that he may have in the Davis Industries, Model P-380, .380ACP caliber pistol (serial number AP499111) and the five rounds of Winchester brand .380ACP caliber ammunition that were seized from him by police on April 20, 2006; agrees to execute all documents requested by the Government to effect his abandonment; and agrees that the Bureau of Alcohol, Tobacco, Firearms & Explosives may dispose of the firearm and ammunition in whatever manner it deems appropriate.

5. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the Sentencing Guidelines. The defendant understands that the Court is not bound by any stipulation between the parties, and that if the Court calculates the guidelines differently than he expects, or

contrary to any stipulation of the parties or recommendation of his attorney, that he will not be allowed to withdraw his guilty plea.

6. The defendant agrees to pay the $200 special assessment the day of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program though which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

7. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

8. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

COLM F. CONNOLLY
United States Attorney

_____
John S. Malik, Esquire
Attorney for Defendant

By:_____
Christopher J. Burke
Assistant United States Attorney

_____
Frederick Daniels, Defendant

Dated:

3

AND NOW, this _____ day of _____, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

                                                                                   _____
                                                                                   Honorable Sue L. Robinson
                                                                                   United States District Court